IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01601-REB-MJW

RONALD RICHARDSON, on behalf of himself and all others
(Now and in the future will be) similarly situated,

Plaintiff,

v.

JOHN HICKENLOPER [sic], Governor of Colorado,
DOUGLAS K. WILSON, State Public Defender,
JAMES F. O'CONNOR, II, Head Administrator (ACPO),
GRAYSON ROBINSON, Sheriff of Arapahoe County,
JANE/JOHN DOE(s), Arapahoe County JCC,
JOHN DOE, Commissioner of Arapahoe County,
JOHN/JANE DOE(s), (ACDF) Classification Committee,
DAVID WALCHER, Bureau Chief at (ACDF),
(These defendants are sued jointly and severally, in their official and/or individual capacities),

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the plaintiff's "Motion of Formal Exception" (Docket No. 35), which has been construed as a motion for reconsideration of portions of this court's Minute Order of August 3, 2011 (Docket No. 30), is denied.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1256 (D. Colo. 2000) (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted).  "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

Here, plaintiff has not demonstrated such manifest error of law or newly

2

discovered evidence. The court notes, however, that the statute plaintiff now cites in support of his argument for a three-judge court, 28 U.S.C. § 2281, was repealed effective August 12, 1976. Pub.L. 94-381, § 2, Aug. 12, 1976, 90 Stat. 1119.

Date: August 15, 2011