**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01601-REB-MJW

RONALD RICHARDSON, on behalf of himself and all others (now and in the future will be) similarly situated,

     Plaintiff,

v.

JOHN HICKENLOPER [sic], Governor of Colorado,
DOUGLAS K. WILSON, State Public Defender,
JAMES F. O'CONNOR, II, Head Administrator (ACPD)
GRAYSON ROBINSON, Sheriff of Arapahoe County,
JANE/JOHN DOE(S), Arapahoe County, JCC,
JOHN DOE, Commissioner of Arapahoe County,
JOHN/JANE DOE(S), (ACDF) Classification Committee, and
DAVID WALCHER, Bureau Chief at (ACDF),
These defendants are sued jointly and severally, in their official and/or individual capacities,
DAVID WALCHER, Bureau Chief at (ACDF), in his individual capacity, and
L. PEREA, in his official capacity,

     Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the magistrate judge's **Recommendation on (1) Defendants Robinson, Walcher and Perea's Motion to Dismiss (Docket No. 31), (2) Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(6) by Defendants John Hickenlooper, Douglas K. Wilson, and James F. O'Connor II (Docket No. 47) and (3) Plaintiff's Motion for Leave To Amend (Docket No. 49)** [#51][1] filed February 10, 2012. No objections having been filed to the recommendation, I review it only for plain error. ***See Morales-Fernandez v. Immigration &***

---

[1] "[#51]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

*Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no such error in the magistrate judge's recommended disposition, I find and conclude that recommendation should be approved and adopted.

Moreover, although the recommendation does not address the claims against the various groups of John and Jane Doe defendants, I note that the complaint fails to contain any substantive allegations implicating any actions by these parties, who have not been identified or served.  To the extent these parties might be implicated by plaintiff's substantive claims, I find and conclude that the same arguments addressed by the magistrate judge in his recommendation counsel dismissal as to these defendants as well.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the magistrate judge's **Recommendation on (1) Defendants Robinson, Walcher and Perea's Motion to Dismiss (Docket No. 31), (2) Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(6) by Defendants John Hickenlooper, Douglas K. Willson, and James F. O'Connor II (Docket No. 47) and (3) Plaintiff's Motion for Leave To Amend (Docket No. 49)** [#51] filed February 10, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2.  That **Defendants Robinson, Walcher and Perea's Motion to Dismiss** [#31] filed August 4, 2011, is **GRANTED**;

3.  That the **Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(6) by Defendants John Hickenlooper, Douglas K. Wilson, and James F. O'Connor II** [#47] filed September 8, 2011, is **GRANTED**;

---

[2]  This standard pertains even though plaintiff is proceeding *pro se* in this matter.  *Morales-Fernandez*, 418 F.3d at 1122.  In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  *See* **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

    4.  That plaintiff's **Motion for Leave To Amend** [#49] filed January 31, 2012, is **DENIED**;

    5.  That plaintiff's claims against all defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state claims on which relief may be granted; and

    6.  That judgment **SHALL ENTER** on behalf of defendants, John Hickenlooper [misnamed in the caption as "John Hickenloper"], Governor of Colorado; Douglas K. Wilson, State Public Defender; James F. O'Connor, III, Head Administrator (ACPO); Grayson Robinson, Sheriff of Arapahoe County; Jane/John Doe(s), Arapahoe County JCC; John Doe, Commissioner of Arapahoe County; and John/Jane Doe(s), (ACDF) Classification Committee (these defendants sued jointly and severally, in their official and/or individual capacities); David Walcher, Bureau Chief at (ACDF), in his individual capacity; and L. Perea, in his official capacity, and against plaintiff, Ronald Richardson, on behalf of himself and all others (now and in the future will be) similarly situated, as to all claims for relief and causes of action; provided, that the judgment shall be without prejudice.

    Dated March 13, 2012, at Denver, Colorado.

                                              **BY THE COURT:**

                                              Robert E. Blackburn
                                              United States District Judge